**Dismiss and Opinion Filed December 13, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-24-00091-CV

**STANSLY MAPONGA AND CHRISTINA MAPONGA, Appellants**
**V.**
**AKROM ENTERPRISES LLC, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-03818-2023**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

This appeal challenges the trial court's judgment in a forcible detainer suit awarding appellee landlord possession of certain property, unpaid rent, and court costs. Asserting the issues of possession and damages, and therefore the appeal, have become moot because appellants–the tenants–have been evicted from the property and the judgment has been released, appellee has filed a motion to dismiss the appeal. For the reasons that follow, we grant the motion to the extent we vacate the trial court's judgment and dismiss the case as moot.

A case becomes moot if the controversy between the parties ceases to exist at any stage of the legal proceedings. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). An appellate court is prohibited from deciding moot controversies, and when a case becomes moot on appeal, the appellate court must set aside the trial court's judgment and dismiss the case. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 790 (Tex. 2006); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

A forcible detainer action is filed by a landlord to obtain possession of real property when the tenant refuses to surrender possession after proper demand. *See* TEX. PROP. CODE ANN. §§ 24.002, 24.004. At issue, then, in a forcible detainer suit for purposes of mootness is the right to actual possession of the property and any damages. *See id.* §§ 24.0051, 24.006; *Marshall*, 198 S.W.3d at 785.

When the tenant is evicted from the property, the issue of possession becomes moot unless the tenant has a potentially meritorious claim of right to possession such as by way of an unexpired lease agreement. *Marshall*, 198 S.W.3d at 787. And when damages are awarded and the judgment is released, the damages issue becomes moot as the release discharges the tenant of his monetary obligations under the judgment. *See Toyota Motor Sales, U.S.A., Inc. v. Reavis*, 627 S.W.3d 713, 740 (Tex. App.—Dallas 2021, pet. granted, judgm't vacated w.r.m.) ("The unconditional release of a judgment operates as a total relinquishment of all the creditor's rights in the judgment and a complete discharge of the debt created by the judgment).

In response to appellee's motion, appellants complain of "fundamental errors of law" by the trial judge including exclusion of evidence and fraudulent statements in the final judgment, deprivation of property rights, emotional distress, financial hardship, and damage to their reputation. They do not, however, dispute they have been evicted from the property or that appellee has released the judgment, and they do not contend they have a right to current, actual possession of the property.

From a review of the record and with no dispute by appellants that they have been evicted and no claim by them of a right to actual possession of the property, we agree with appellee that the possession issue has become moot. The record includes a copy of the parties' lease agreement, and the agreement reflects the lease expired in May 2024. *See Marshall*, 198 S.W.3d at 787. And from a review of the release of judgment, a file-stamped copy of which is attached as an exhibit to appellee's motion, we also agree with appellee that the damages issue has become moot. *See Reavis*, 627 S.W.3d at 740. Accordingly, we vacate the trial court's final judgment and dismiss the case and all pending motions as moot.[1] *See id.* at 790.

240091f.p05

/Robert D. Burns, III//
ROBERT D. BURNS, III
CHIEF JUSTICE

---

[1] In the interest of justice, we have also reviewed appellants' brief on the merits. Their complaints there, however, concern the deposit and late fees provisions under the lease; the conduct of appellee, appellee's counsel, and the constables who served the writ of possession; and alleged constitutional and civil rights violations.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

STANSLY MAPONGA AND
CHRISTINA MAPONGA,
Appellants

No. 05-24-00091-CV     V.

AKROM ENTERPRISES LLC,
Appellee

On Appeal from the County Court at
Law No. 2, Collin County, Texas
Trial Court Cause No. 002-03818-
2023.
Opinion delivered by Chief Justice
Burns, Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's final judgment and **DISMISS** the case.

Judgment entered this 13th day of December, 2024.